UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-24234-CIV-LENARD/GOODMAN

**RAUDEL CRUZ MACHADO, et al.,**

    Plaintiffs,

v.

**LABOR READY SOUTHEAST, INC.,**
**and MDT PERSONNEL, LLC,**

    Defendants.
_____/

### ORDER GRANTING LABOR READY SOUTHEAST, INC.'S MOTION TO COMPEL ARBITRATION AS TO PLAINTIFFS DANIEL SANTIAGO (D.E. 43), ZULAIDA ROMERO (D.E. 44), JOSE BRETON (D.E. 45), LUIS DE LAO (D.E. 46), MIGUEL CRUZ (D.E. 47), AND RAUDEL CRUZ MACHADO (D.E. 48)

**THIS CAUSE** is before the Court on Defendant Labor Ready Southeast, Inc.'s ("Labor Ready") Motions to Compel Arbitration as to Plaintiffs Daniel Santiago (D.E. 43), Zulaida Romero (D.E. 44), Jose Breton (D.E. 45), Luis de Lao (D.E. 46), Miguel Cruz (D.E. 47), and Raudel Cruz Machado (D.E. 48), (collectively, "Motions"), filed March 19, 2015. On March 20, 2015, the Court ordered Plaintiffs to file a single joint response to Labor Ready's Motions, (D.E. 50), which they filed on April 6, 2015. ("Response," D.E. 64.) The Court's March 20, 2015 Order also directed Labor Ready to file a single joint reply brief, which it filed on April 16, 2015. ("Reply," D.E. 75.) Upon review of the Motions, Response, Reply, and the record, the Court finds as follows.

**I.     Background**

This is an action for unpaid overtime and minimum wage violations under the Fair Labor Standards Act ("FLSA") and Florida Minimum Wage Act. Labor Ready is a national temporary work agency that provides temporary labor to businesses that need additional workers. (Santiago Mot., D.E. 43 at 1.)[1] Labor Ready employed Plaintiffs as Temporary Associates at the Alamo Rent-A-Car located at Miami International Airport. (See Sec. Am. Compl. ¶ 7.) Plaintiffs' job duties included cleaning and fueling rental vehicles. (See id. ¶ 9.)

As a condition of employment with Labor Ready, Temporary Associates must read and sign an Employment and Dispute Resolution agreement ("Employment Agreement"), which sets forth the terms of their employment. (Santiago Mot. at 2.) The Employment Agreement contains an arbitration provision which provides procedures for resolving disputes between Labor Ready and its employees. (Id.) Under the Employment Agreement, any claims arising out of Plaintiffs' employment must be submitted to binding arbitration under the Federal Arbitration Act (the "FAA"):

> **Agreement to arbitrate.** Labor Ready and I agree that any claim arising out of or relating to my employment, application for employment, and /or termination of employment, this Agreement, or breach of this Agreement, shall be submitted to and resolved by binding individual arbitration under the Federal Arbitration Act ("FAA"). Labor Ready and I agree that all claims shall be submitted to arbitration including, but not limited to, claims based on any alleged violation of a constitution, or any federal, state or local laws; Title VII claims of discrimination, harassment, retaliation, wrongful termination, wages, compensation due or violation of civil rights; or any claim based in tort, contract or equity.

---

[1] Because all of the Motions to Compel Arbitration are virtually identical, the Court will cite only to the Santiago motion to conserve space.

(Id. at 4.) The Employment Agreement further provides that neither the employee, nor the employer, are entitled to join or consolidate claims, or arbitrate any claim as a representative or member of a class:

> LABOR READY AND I AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN MY OR ITS INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS ACTION, COLLECTIVE ACTION, OR REPRESENTATIVE PROCEEDING.

(Id.) Plaintiffs Santiago (D.E. 43-1 at 5), Romero (D.E. 44-1 at 2), Breton (D.E. 45-1 at 2), Lao (D.E. 46-1 at 14), Cruz (D.E. 47-1 at 2), and Machado (D.E. 48-1 at 16) (collectively "Plaintiffs") each signed this Employment Agreement.

On November 10, 2014, Plaintiffs Machado and Romero filed the original complaint in this action which was assigned to Chief Judge Moore. (See D.E. 1.) Because it is ostensibly an identical action bringing the same claims against the same Defendants as Del Rosario, et al. v. Labor Ready Southeast Inc., et al., Case No. 14-21496-Civ-Lenard, this Court accepted transfer from Judge Moore on December 1, 2014. (See D.E. 8.) The next day, December 2, 2014, the Court issued an Order sua sponte consolidating the two cases on the Del Rosario docket and closing this case. (See D.E. 9.) The Court later vacated the Consolidation Order noting that consolidation would "unfairly disadvantage the Defendants because it would force the Court to extend all of the deadlines,[2] and would allow Plaintiffs to impermissibly circumvent the deadline for

---

[2] When the Court entered the Consolidation Order, the deadlines for joinder of parties, fact discovery, and expert discovery in the Del Rosario case had expired and the mediation and dispositive motions deadlines were less than three weeks away. (See D.E. 21.)

joinder of parties." (Id.)  Accordingly, on December 22, 2014, the Court reopened this case.

On January 5, 2015, Labor Ready filed a Motion to Dismiss. (D.E. 19.)  On January 26, 2015, Labor Ready filed Motions to Compel arbitration as to Plaintiffs Machado and Romero who, to that point, were the only named Plaintiffs. (See D.E. 24, 25.)  On February 25, 2015, the Court ordered the Parties to this action and the Parties to the Del Rosario action to attend a joint settlement conference before Magistrate Judge Jonathan Goodman, (see D.E. 32), which was held on March 5, 2015, (see D.E. 35).  On March 10, 2015, the Court granted Plaintiffs leave to amend the complaint, (D.E. 37), and on March 13, 2015, Plaintiffs filed the operative Second Amended Complaint, (D.E. 42). The Second Amended Complaint added Plaintiffs Santiago, Breton, Lao, and Cruz. (See id.)  Thereafter, on March 19, 2015, Labor Ready filed the instant Motions to Compel Arbitration as to Plaintiffs Santiago (D.E. 43), Romero (D.E. 44), Breton (D.E. 45), Lao (D.E. 46), Cruz (D.E. 47), and Machado (D.E. 48).[3]  Therein, they seek an order compelling Plaintiffs to arbitrate their claims pursuant to the arbitration agreement contained in the Employment Agreements. (See Santiago Mot. at 3.)

## II.     Legal Standard

The Federal Arbitration Act "requires a court to either stay or dismiss a lawsuit and to compel arbitration upon a showing that (a) the plaintiff entered into a written arbitration agreement that is enforceable 'under ordinary state-law' contract principles

---

[3] On March 26, 2015, the Court denied as moot the original motions to compel arbitration as to Plaintiffs Machado (D.E. 24) and Romero (D.E. 25). (See D.E. 57.)

and (b) the claims before the court fall within the scope of that agreement." Lambert v. Austin Ind., 544 F.3d 1192, 1195 (11th Cir. 2008) (citing 9 U.S.C. §§ 2–4). The purpose of the FAA is to "ensure judicial enforcement of privately made agreements to arbitrate." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 219 (1985). Congress enacted the FAA to overcome judicial resistance to arbitration and to declare a national policy favoring arbitration of claims that parties contract to settle in that manner. Vaden v. Discover Bank, 556 U.S. 49, 58 (2009).

However, "[w]hile there is a liberal federal policy favoring arbitration agreements, 'the FAA's strong proarbitration policy only applies to disputes that the parties have agreed to arbitrate.'" Becker v. Davis, 491 F.3d 1292, 1298 (11th Cir. 2007) (quoting Klay v. All Defendants, 389 F.3d 1191, 1200 (11th Cir. 2004)); Magnolia Capital Advisors, Inc. v. Bear Stearns & Co., 272 F. App'x 782, 785 (11th Cir. 2008) ("[P]arties cannot be forced to submit to arbitration if they have not agreed to do so.") (internal quotation omitted).

"Consequently, when considering whether claims are subject to an arbitration provision, a district court must undertake a two-step inquiry." Mims v. Global Credit and Collection Corp., 803 F. Supp. 2d 1349, 1353 (S.D. Fla. 2011) (citing Scott v. EFN Invs., LLC, 312 F. App'x 254, 256 (11th Cir. 2009) (citing Klay, 389 F.3d at 1200); Patriot Mfg., Inc. v. Dixon, 399 F. Supp. 2d 1298, 1300 (S.D. Ala. 2005) (citing Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626-28 (1985))). "The first step is to determine whether the parties agreed to arbitrate the dispute, which is a determination made by reference to the ''federal substantive law of arbitrability,

applicable to any arbitration agreement within the coverage of the [FAA].'"" Id. (quoting Mitsubishi Motors, 473 U.S. at 626 (quoting Moses H. Cone Mem'l Hosp., 460 U.S. at 24)). "If the court concludes that the parties did agree to arbitrate the dispute in question, then the second step is to consider whether legal constraints external to the parties' agreement foreclose the arbitration of those claims." Id. (citing Patriot Mfg., 399 F. Supp. 2d at 1301). "A plaintiff challenging the enforcement of an arbitration agreement bears the burden to establish, by substantial evidence, any defense to the enforcement of the agreement." Inetianbor v. CashCall, Inc., 923 F. Supp. 2d 1358, 1362 (S.D. Fla. 2013) (citing Bess v. Check Express, 294 F.3d 1298, 1306-07 (11th Cir. 2002)).

### III. Discussion

Labor Ready argues that Plaintiffs signed a written Employment and Dispute Resolution Agreement in which they agreed to resolve any claims against Labor Ready by binding arbitration under the FAA. (See Santiago Mot. at 4.) It further argues that Plaintiffs agreed to arbitrate their claims on an individual, as opposed to a class-wide, basis. (Id.) Plaintiffs argue that Labor Ready has waived its right to compel arbitration, (Resp. at 4), and that Plaintiffs are exempt from the FAA as transportation employees, (id. at 9).

#### a. Waiver

First, Plaintiffs argue that Labor Ready has waived its right to compel arbitration by "substantially engaging in litigation." (Id. at 5.) Plaintiffs point to litigation that took place in the Del Rosario action and the joint settlement conference with the Del Rosario plaintiffs that occurred after Labor Ready filed its original motions to compel arbitration.

(Id. at 5-9.) Labor Ready argues that at the time it filed the instant Motions "absolutely no discovery [had] taken place" in this case, its participation in the Del Rosario action is irrelevant to the instant Motions, and filing a motion to dismiss and attending a joint settlement conference with the Del Rosario plaintiffs does not constitute a waiver of its right to arbitrate. (Reply at 4-8.)

"[D]espite the strong policy in favor of arbitration, a party may, by its conduct, waive its right to arbitration." S & H Contractors, Inc. v. A.J. Taft Coal Co., Inc., 906 F.2d 1507, 1514 (11th Cir. 1990) (citations omitted). A two-part test applies to determine the issue: "First, we decide if, under the totality of the circumstances, the party has acted inconsistently with the arbitration right." Ivax Corp. v. B. Braun of Am., Inc., 286 F.3d 1309, at 1315-16 (11th Cir. 2002). "A party acts inconsistently with the arbitration right when the party 'substantially invokes the litigation machinery prior to demanding arbitration.'" Garcia v. Wachovia Corp., 699 F.3d 1273, 1277 (11th Cir. 2012) (quoting S & H Contractors, 906 F.2d at 1514)). "'[S]econd, we look to see whether, by [acting inconsistently with the arbitration right], that party has in some way prejudiced the other party.'" Id. (quoting Ivax Corp., 286 F.3d at 1316). "To determine whether the other party has been prejudiced, 'we may consider the length of delay in demanding arbitration and the expense incurred by that party from participating in the litigation process.'" Id. (quoting S & H Contractors, 906 F.2d at 1514).

Plaintiffs identify litigation that occurred almost exclusively in the Del Rosario case and seek to use it against Labor Ready in this case. However, the Court finds that Labor Ready's participation in the Del Rosario case is almost entirely irrelevant to its

7

Motions to Compel Arbitration in this case. Rather, the relevant period for the Court's inquiry is the thirty-five (35) days between December 22, 2014, when the Court reopened this case and January 26, 2015, when Labor Ready filed its original motions to compel arbitration. The <u>only</u> action that Labor Ready took in <u>this</u> case during that time was the filing of a motion to dismiss the original complaint on January 5, 2015. (<u>See</u> D.E. 19.) The Court finds that a mere filing of a motion to dismiss before filing a motion to compel arbitration does not constitute a waiver of Labor Ready's contractual arbitration rights. <u>See</u> <u>Hodgson v. Royal Caribbean Cruises, Ltd.</u>, 706 F. Supp. 2d 1248, 1257-58 (S.D. Fla. 2009) (finding that the defendant "did not substantially litigate 'to a point inconsistent with an intent to arbitrate'" where it served discovery, replied to discovery requests, moved to dismiss the complaint and, when the motion to dismiss was denied, served an answer and affirmative defenses, and moved to compel arbitration three months before trial); <u>see also</u> <u>Dockeray v. Carnival Corp.</u>, 724 F. Supp. 2d 1216, 1222 (S.D. Fla. 2010) (finding that a two month delay during which the defendant filed an answer and affirmative defenses and a motion for an extension of time did not constitute substantial litigation to a point inconsistent with an intent to arbitrate); <u>Wilson v. Par Builders II, Inc.</u>, 879 F. Supp. 1187, 1189 (M.D. Fla. 1995) (finding a six-month delay during which the only substantive litigation involved a motion to dismiss was not inconsistent with invoking the right to arbitrate); <u>Knight v. Xebec</u>, 750 F. Supp. 1116, 1119 (M.D. Fla. 1990) (finding that the defendant did not act inconsistently with its right to arbitrate by failing to file a motion to compel arbitration until after filing a motion to dismiss, motion for a protective order, and an answer to the complaint); <u>Manard v. Knology, Inc.</u>, No.

4:10–CV–15 (CDL), 2010 WL 2528320, at *4 (M.D. Ga. June 18, 2010) (finding that filing a motion to dismiss, negotiating a scheduling order, and participating in mediation was not inconsistent with right to arbitrate)

Furthermore, in the two weeks that this case was consolidated with the Del Rosario action, the only filings Labor Ready made were (1) an unopposed motion to appear telephonically to a hearing on a motion for contempt related to the Del Rosario action and (2) a waiver of service related to this case.  (See Del Rosario, Case No. 14-21496-Civ-Lenard, D.E. 58, 62.)  The mediation, contempt hearing, and discovery hearings related solely to the Del Rosario action (unless some discovery incidentally applied to both cases) and cannot fairly be considered inconsistent with Labor Ready's right to arbitrate in this action.  The Court further finds that requesting and attending the joint settlement conference with the Del Rosario plaintiffs cannot be considered inconsistent with Labor Ready's right to arbitrate this action because it was requested and ordered after Labor Ready filed its original motions to compel arbitration.  (See Del Rosario, Case No. 14-21496-Civ-Lenard, D.E. 112, 114.)

Quite simply, Labor Ready did not "substantially invoke[] the litigation machinery prior to demanding arbitration."  S & H Contractors, 906 F.2d at 1514 (internal quotation marks and alterations omitted).  The Court therefore finds that Labor Ready did not act inconsistently with it right to arbitrate.  And because Labor Ready has not acted inconsistently with its right to arbitrate, the second step in the waiver analysis—i.e.,

9

whether, by acting inconsistently with the arbitration right, Labor Ready has in some way prejudiced Plaintiffs—is moot.[4]

### b. Transportation Employee Exemption

Second, Plaintiffs argue that they are exempt from the FAA as transportation employees. (Resp. at 9-18.) Section 1 of the FAA exempts "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. The Supreme Court addressed Section 1's residual clause ("any other class of workers engaged in foreign or interstate commerce") in Circuit City Stores, Inc. v. Adams, noting that it should not be interpreted as reaching all contracts within Congress's commerce power. 532 U.S. 105, 114 (2001). Instead, "[t]he wording of § 1 calls for the application of the maxim ejusdem generis, the statutory canon that where general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words." Id. at 114-15 (citation, quotation marks, and alteration omitted). "Under this rule of construction the residual clause should be read to give effect to the terms 'seamen' and 'railroad employees,' and should itself be controlled and defined by reference to the enumerated categories of workers which are recited just before it[.]" Id. at 115. With these principles in mind, the Court held that "Section 1 exempts from the FAA only contracts of employment of transportation workers." Id. at 119.

---

[4] However, even assuming Labor Ready did somehow act inconsistently with its right to arbitrate the claims in this case, the Court would find that Plaintiffs suffered no prejudice.

The Eleventh Circuit has subsequently developed a definition for "transportation worker" under Section 1 of the FAA. See Hill v. Rent-A-Center, Inc., 398 F.3d 1286, 1290 (11th Cir. 2005). Under Hill, a "transportation worker" is an individual (1) employed in the transportation industry who (2) is actually engaged in the transportation of goods in interstate commerce. Id. (citing Paladino v. Avnet Comput. Techs., Inc., 134 F.3d 1054, 1060-61 (11th Cir. 1998)). Thus, in Hill, the Eleventh Circuit determined that an employee whose "job duties involved making delivery of goods to customers out of state in his employer's truck" was not a "transportation worker" under Section 1 of the FAA because he did not work within the "transportation industry." Id. at 1288, 1290. In Perez v. Globe Airport Sec. Servs., Inc., the Eleventh Circuit held that an airport security guard was not engaged in the transportation of goods in commerce because "she merely inspected or guarded such goods prior to their transport." 253 F.3d 1280, 1284 (11th Cir. 2001), vacated sua sponte on parties' stipulation of dismissal, 294 F.3d 1275 (2002).

Here, the Court finds that Plaintiffs are not "'employees actually engaged in transportation of goods in commerce.'" Hill, 398 F.3d at 1290 (quoting Paladino, 134 F.3d at 1060-61); see also Perez, 253 F.3d at 1284. Plaintiffs were Temporary Associates employed by a temp agency which placed them at Alamo Rent-A-Car where they cleaned, fueled, and prepared cars for subsequent rental by Alamo customers. This is not the type of worker contemplated by Section 1's residual clause, the Supreme Court's interpretation of the residual clause in Circuit City, or the Eleventh Circuit's definition of "transportation worker" in Hill. Consequently, Plaintiffs' Employment Agreements are not exempt from the FAA.

**IV.     Conclusion**

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Labor Ready's Motions to Compel Arbitration as to Plaintiffs Daniel Santiago (D.E. 43), Zulaida Romero (D.E. 44), Jose Breton (D.E. 45), Luis de Lao (D.E. 46), Miguel Cruz (D.E. 47), and Raudel Cruz Machado (D.E. 48), filed March 19, 2015 are **GRANTED**; and

2. Plaintiffs' Second Amended Complaint (D.E. 42) filed March 13, 2015 is **DISMISSED WITH PREJUDICE** as to Defendant Labor Ready Southeast, Inc.

**DONE AND ORDERED** in Chambers at Miami, Florida this 6th day of November, 2015.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**